UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON MOCKBEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00209-JPH-DLP |
| | ) |
| BRANCHVILLE CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

**ENTRY ON PETITIONER'S PENDING MOTIONS**

**I. Motion for Enlargement for Time**

Mr. Mockbee's motion for enlargement of time, dkt. [12], is **granted to the extent** that he shall have **through September 21, 2020, in which to file his response** to the respondent's motion to dismiss at docket 10.

**II. Motion for Discovery**

Mr. Mockbee argues that he was not provided notice of the exhibits and evidence filed with the respondent's motion to dismiss in the discovery process and makes various discovery requests to the Court. Dkt. 14.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Bramley*, 520 U.S. 899, 904 (1997). Habeas corpus petitioners can conduct civil discovery "'if, and to the extent that, the judge in the exercise of his decision and for good cause shown grants leave to do so, but not otherwise.'" *Id.* (quoting Rule 6 of the Rules Governing § 2254 Cases). "Good cause" means that the petitioner must make specific allegations that demonstrate that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *Id.* at 908-09. The respondent argues that Mr. Mockbee does not raise a viable claim for habeas relief because he has

1

not completed the required second part of the administrative appeals process and therefore, has failed to exhaust his administrative remedies. Dkt. 10.

The Court finds that Mr. Mockbee has not shown good cause for further supplementing the record in this case through his requested discovery. Mr. Mockbee will have the opportunity to respond to the respondent's motion to dismiss and present his arguments that he has exhausted his administrative remedies.  He may file any exhibits or evidence supporting such arguments with his response. If this action proceeds further to the merits after resolution of the exhaustion issue, and the petitioner seeks additional evidence, he may renew his motion for discovery at that time. He is reminded, however, that "[d]iscovery in habeas corpus actions is extremely limited." *Glascoe v. Bezy,* 421 F.3d 543, 549 (7th Cir. 2005); *see also Tabb v. Christianson,* 855 F.3d 757, 763 (7th Cir. 2017) ("As a general rule, federal habeas petitions must be decided on state court records."). Accordingly, his motion for discovery, dkt. [14], is **denied without prejudice**.

**SO ORDERED.**

Date: 8/28/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON MOCKBEE
262691
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov