UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRANDON MOCKBEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00209-JPH-DLP |
| | ) | |
| BRANCHVILLE CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON PETITIONER'S PENDING MOTIONS**

Brandon Mockbee filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding, BTC 20-01-0231, under 28 U.S.C. § 2254. Dkt. 1. Briefing is complete. However, Mr. Mockbee has filed a motion seeking discovery and an extension of time to file a reply. Dkts. 29, 31. The Court will address each motion, in turn.

**I. Motion for Disclosure of Evidence Dkt. [29]**

Mr. Mockbee seeks to "inspect and copy or photograph" several items "within the possession, custody, or control of the state[.]" Dkt. 29. His motion references all the exhibits in this habeas action. *Id.* Mr. Mockbee then lists various categories of discovery requests including, for example, written or recorded statements, recorded videos and evidence in control of the investigations and intelligence officers, and written lists of names and emails of all witnesses, among other requests. *Id.*

The Court has reminded Mr. Mockbee earlier in the course of this action that "[d]iscovery in habeas corpus actions is extremely limited." *See Glascoe v. Bezy*, 421 F.3d 543, 549 (7th Cir. 2005). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Bramley*, 520 U.S. 899, 904 (1997). Rather, Rule 6(a) of the Rules Governing § 2254 Cases allows habeas corpus petitioners to conduct civil

discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Id.* "Good cause" means that the petitioner must make specific factual allegations that demonstrate that there is good reason to believe that the petitioner may, through discovery, be able to garner specific evidence to entitle him to relief. *Id.* at 908–09.

The Court has a limited role in a habeas action. In the context of evidence supporting a disciplinary conviction, the Court's review is confined to the record before the disciplinary hearing officer. Simply put, the Court cannot reweigh that evidence or consider whether other evidence is contradictory. *See Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985). "The 'some evidence' standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted). "Determining whether this standard has been met turns on whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* When the Court considers whether the petitioner was deprived of evidence in the disciplinary proceeding, the inquiry extends only to material exculpatory evidence. *See, e.g., Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Mr. Mockbee seeks broad discovery that is unnecessary and exceeds the Court's limited review of his disciplinary conviction. Mr. Mockbee already has access to the exhibits referenced in his motion, as these have been filed with the respondent's return. Mr. Mockbee's motion references sealed exhibits, but no *ex parte* filings have been made in this action. To the extent Mr. Mockbee alleges he was denied material, exculpatory evidence in the disciplinary proceeding, the Court will address those claims in the ruling on the petition and based on the record before the hearing officer. His remaining requests do not make specific factual allegations demonstrating

good reason to believe that discovery will yield evidence entitling him to relief. *Bracy*, 520 U.S. at 908–09.

Mr. Mockbee has not shown good cause for supplementing the record through discovery. His motion for disclosure of evidence, dkt. [29], is **denied.**

## II. Motion for Extension of Time to File Reply Dkt. [31]

Mr. Mockbee filed a motion for extension of time to file his reply on May 5, 2021. Dkt. 31. He then filed his reply on May 21, 2021. Dkt. 34. The Court **accepts** Mr. Mockbee's reply as timely and will consider it in ruling on his petition. Thus, his motion, dkt. [31], is **denied as moot**.

## III. Conclusion

Mr. Mockbee's discovery motion, dkt. [29], is **denied** as discussed in Part I. His motion for extension of time, dkt. [31], is **denied as moot.**

Mr. Mockbee has now filed his reply, and the briefing in this matter is complete. The Court anticipates no supplemental briefing or expansion of the record and will rule on the petition in due course.

**SO ORDERED.**

Date: 6/30/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON MOCKBEE
262691
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov